UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LESTER WATSON,                                       :
                                                     :   **ORDER DENYING MOTION**
                              Petitioner,            :   **FOR RELIEF FROM CRIMINAL**
            -against-                                :   **JUDGMENT**
                                                     :
UNITED STATES OF AMERICA,                            :   07 Civ. 5829 (AKH)
                                                     :
                              Respondent.            :
-----------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Lester Watson moves to set aside his judgment of conviction filed April 30, 2004, four years ago. The motion is denied.

  Watson cites, as his basis for filing the motion, "Rule 60(b)(3)." Obviously, Watson refers to the Federal Rules of Civil Procedure, for there is no rule of that number in the Federal Rules of Criminal Procedure. The Federal Rules of Civil Procedure govern civil cases, see R. 1, Fed. R. Civ. P., not criminal cases.

  Rule 60 (b)(3), Fed. R. Civ. P., provides for relief from judgments in civil cases because of fraud, misrepresentation, or misconduct by an opposing party. However, his remedy is not Rule 60, but 28 U.S.C. § 2255. I turn to that statute.

  Section 2255 provides for relief from custody resulting from unconstitutional judgments of conviction. And Watson does complain, as the ground of his motion, that his trial, sentence and judgment were affected by fraud. I will treat his motion as the equivalent of a petition for review under 28 U.S.C. § 2255.

  Everything that Watson says in his papers was either a subject of his appeal, or could have been a subject of his appeal. Watson's appeal was denied by Summary Order of the Court of Appeals. United States v. Watson, 05 –6148 –cr,, Oct. 3, 2007. The Court of Appeals'

1

order indicates that it reviewed the sufficiency of the evidence in relation to the quantity of crack cocaine found by the jury, and the propriety of the dismissal of a juror during deliberations. He could have argued every other point appearing in his present motion as well, for all the points he presents were points of which he and his counsel were fully aware during the course of his trial and prior to sentencing. See Watson v. United States, 07 Civ. 5829 (S.D.N.Y. June 20, 2007) (order of dismissal while appeal was pending, per Deborah A. Batts, Acting Chief Judge). Indeed, they all were the subjects of examination, cross-examination, and argument during the criminal proceedings. A convicted defendant cannot save for post-conviction review that which he could have argued on appeal. Pitcher v. United States, 371 F. Supp. 2d 246, 263 (E.D.N.Y. 2005). If he fails to argue the point on appeal, he waives the point and cannot raise it afresh (or again) in a section 2255 proceeding.

Accordingly, his motion (or the petition into which I convert it) is denied. There is no need to bother the Assistant United States Attorney to submit an opposition. And, since there has been no "substantial showing" of the denial of a constitutional right, I deny a certificate of appealability. 28 U.S.C. § 2253.

The Clerk shall close the file.

Dated:     April 29, 2008
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2